### WYMAN v. SPIGNER

### (131 S. E., 590)

Frauds, Statute of—Contract for Sale of Real Estate Held Sufficiently Clear in Stating Terms to Satisfy Statute.—Contract for sale of real estate, providing for exchange of automobile, cash payment, and installment payments, secured by second mortgage, with implied first mortgage for cash payment, *held* sufficiently clear in stating terms to satisfy statute.

Before Memminger, J., Richland, November, 1924. Affirmed.

Action by Norma M. Wyman against P. B. Spigner. From an order overruling a demurrer to the complaint, defendant appeals.

The following is the complaint, with the contract sued upon set out in full therein:

The plaintiff complaining of the defendant above named, herein alleges:

(1) That the plaintiff and the defendant are now, and were at the times hereinafter mentioned, residents of the County of Richland, State aforesaid.

(2) That on the 24th day of September, 1924, the plaintiff and the defendant made and entered into a contract of writing as follows, to wit:

"This agreement entered in this 24th day of September, 1924, by and between Norma McNair Wyman hereinafter called the seller, and Prescott B. Spigner hereinafter called the buyer, witnesseth: That for and in consideration of the sum of one hundred and fifty & no/100 ($150.00)

dollars, part of purchase price having been paid in cash, and the conditions and terms hereinafter mentioned, the seller agrees to sell and the buyer agrees to buy the following described property:

"Lot with the improvements thereof, known as 917 Henderson Street, lot measuring 43′ 3″, more or less, by 155′ more or less, situated on the west side of Henderson Street, between College and Pendleton Streets, in the City of Columbia, County of Richland, South Carolina.

"The terms of the sale being as follows: Purchase price of house and lot and Reo sedan $9,200.00, payable as follows: 1 (one) 1924 model Reo sedan, $4,500.00 cash, with second mortgage for $2,700.00 payable in six months' installments of $500.00, with 7 per cent. interest, with the right to pay all deferred payments at any interest paying period.

"Upon compliance by the buyer with the terms of this agreement, the seller hereby covenants and agrees to convey the above-described property to the buyer, his heirs or assigns in fee by proper deed with covenant of general warranty, with dowers duly renounced, free from all defects and incumbrances, except such as are herein agreed to be assumed.

"Upon tender of such deed, the buyer agrees to comply fully with the terms of this agreement.

"Upon failure of the buyer to comply with the terms of this agreement within the stipulated time, the seller to have the right to retain the amount this day paid and to enforce the performance of this agreement according to law.

"The earnest money paid by the buyer under this agreement is to be held in trust by Tom B. Graham Land Company, Inc., agents, until the completion of this sale.

"All taxes, assessments, paving assessments, rents, water rents, premiums on unexpired policies of insurance and interest to be prorated to date of completion of this sale.

"This sale to be completed not later than the 24th day of October, 1924.

"This agreement is binding upon ourselves, our heirs, executors, administrators, successors or assigns.

"It is understood that this written agreement constitutes the entire contract between the parties hereto.

"Witness our hands and seals in triplicate the day and year first above written.

"[Signed]   NORMA MCNAIR WYMAN.
"[Signed]   P. B. SPIGNER.

"In the presence of:

"Tom B. Graham, as to seller.

"Tom B. Graham, as to buyer."

(3) That, although the plaintiff is now and has been at all times ready and willing to carry out the terms of the contract, the defendant, on the 6th day of October, 1924, refused to carry out and perform said contract.

(4) That this plaintiff is advised that she is entitled to a decree directing and requiring the defendant specifically to perform the terms of said contract.

Wherefore this plaintiff demands judgment for a decree requiring and compelling the defendant to specifically perform the terms of the contract set out and above referred to and for such other and further relief as may be just and proper.

WM. ANDERSON CLARKSON,
Attorney at law, Columbia, S. C.,
Plaintiff's Attorney.

The following are the notice and grounds of demurrer:

The defendant, P. B. Spigner, demurs to the complaint herein upon the ground that the same fails to state facts sufficient to constitute a cause of action in that:

(1) It appears upon the face of the complaint that the action set out in the said complaint is for the specific performance of a contract for the sale of the lot of land described in the complaint, alleged to have been made by the

defendant, and it further appears that the contract sued upon is not such a memorandum in writing as is required to be executed by the vendor of real property under the terms of the statute of frauds.

*Messrs. Jas. S. Verner* and *W. D. Dickey,* for appellant, cite: *Memorandum of contract required to be in writing incomplete:* 48 S. C., 396; 36 S. C., 544; 33 S. C., 367; 27 S. C., 348. *When specific performance proper:* 127 S. C., 225; 109 S. C., 255; 101 S. C., 170; 77 S. C., 511. *Case distinguished:* 116 S. C., 97. *Demurrer proper where complaint shows contract fails to comply with Statute of Frauds:* 119 S. C., 171; 79 S. C., 160; 57 S. C., 147.

*Messrs. W. Anderson Clarkson* and *Melton & Belser,* for appellants, cite: *Demurrer improper where complaint shows contract fails to comply with Statute of Frauds:* 57 S. C., 267; 48 S. C., 496; 5 S. C., 87; McM. Eq., 311; 26 R. C. L., 747. *Memorandum of contract for sale of land required:* 10 Rich. Eq., 447; 1 McC. L., 424; McM. Eq., 311; 2 N. & McC., 207; 1 N. & McC., 563; 2 Bail 56; Jones on Evidence, Sec. 537. *Extrinsic evidence proper to explain memorandum:* 2 Bail. L., 56; 25 R. C. L., 665. *Memorandum sufficient if gross consideration stated:* 5 S. C., 225; 2 N. & McC., 396; 99 S. E., 81; 96 S. C., 935; 144 Ky., 369; 36 L. R. A. (N. S.), 154; 104 S. E., 65? , 20 A. L. R., 357. *What memorandum must contain:* 116 S. C., 97; 57 S. C., 267; 57 S. C., 131; 48 S. C., 496, McM. Eq., 312; 1 McC., 424; 96 S. E., 935; 20 A. L. R., 357. *Contract to be given reasonable interpretation:* 124 S. C., 280; 170 N. C., 315; 241 U. S., 387; 60 L. Ed., 1058; 6 P. C. L., 839. *Parol evidence proper to explain consideration of written contract:* 26 S. C., 312; 1 Bail. Ch., 138; Jones on Evidence, Secs. 430 and 468-470. *Specific performance proper remedy:* 126 S. C., 294; 117 S. C., 480; 116 S. C., 97; Rich. Eq., 235.

January 25, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action for the specific performance of a contract for the sale and purchase of certain real estate in the City of Columbia which is set out in the complaint. The complaint will be incorporated in the report of the case.

The defendant demurred to the complaint upon grounds which appear in the written demurrer. It also will be incorporated in the report of the case.

We think that the contract was reasonably clear in stating the terms of the contract, in substance, to be that the defendant was to buy the property described at $9,200. He was to pay for it with (a) a 1924 model Reo sedan automobile, valued at $2,000; (b) cash $4,500; and (c) the balance, $2,700, to be payable in installments of $500 every six months thereafter (except the sixth which would be $200), secured by a second mortgage upon the property, with interest at 7 per cent. Doubtless the first mortgage referred to impliedly, was intended to refer to a mortgage to be given by the purchaser in order to raise the cash payment.

The judgment of this Court is that the order appealed from be affirmed.

MESSRS. WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.